139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
$284,960.00 IN UNITED STATES CURRENCY, 188 Assorted Coins, 1
Diamond and Ruby Bracelet, and 1 Diamond Bracelet,
Defendants.
Appeal of: James J. Valona, Claimant-Appellant.
 No. 97-2782.
 United States Court of Appeals, Seventh Circuit.
 Decided Feb. 23, 1998.
Submitted Feb. 19, 1998*.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 83-C-914, Myron L. Gordon, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, and Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 James Valona appeals the district court's denial of his motion under Federal Rule of Civil Procedure 60(b) requesting relief from a default judgment of forfeiture entered in 1983 against the property listed in the caption. We affirm.
 
 
 2
 In 1983, the district court entered an order granting a default judgment of forfeiture against "all persons having an interest or a claim in or to" $284,960.00, 188 assorted coins, a diamond bracelet, and a diamond and ruby bracelet. (R.16, Default Decree and Judgment of Forfeiture, No. 83-C-914 (E.D.Wis. Nov. 25, 1983).) Not until June 13, 1997, approximately thirteen and a half years later, did Valona file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) and (6). Valona asserted that, pursuant to an agreement with the government, he did not file a claim to the property in exchange for the government's promise not to prosecute him for attempting to exchange the property for drugs. Additionally, Valona claimed that, in 1985, the government breached that agreement by prosecuting him on a charge of attempting to possess ten kilograms of cocaine. The district court, without requesting a response from the government, denied relief because the Rule 60(b)(1) motion was filed more than a year after the final judgment was entered, and the Rule 60(b)(6) motion was not filed within a reasonable time.
 
 
 3
 In general, we review the denial of a Rule 60(b) motion for an abuse of discretion. See, e.g., United States v. 1836 S. Dobson St. ., 125 F.3d 1076, 1082 (7th Cir.1997); United States v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply, 55 F.3d 1311, 1317 (7th Cir.1995). The district court did not abuse its discretion by concluding that Valona simply waited too long to file his Rule 60(b) motion, even assuming he did not learn about the government's alleged breach until 1990, and even assuming that, for some reason, Valona could not bring this action until the 1994 completion of his "FOIA litigation".
 
 
 4
 Additionally, Valona has an even more basic problem: because he never filed a claim to the property or an answer to the forfeiture complaint, he lacks standing to contest the forfeiture. 1836 S. Dobson, 125 F.3d at 1082-83. To excuse the default, Valona must show good cause for the default, quick action to correct the default, and the existence of a meritorious defense to the original action. Id. at 1083; Indoor Cultivation, 55 F.3d at 1313. Valona argues that his default should be excused because his attorney rendered ineffective assistance. However, the Sixth Amendment right to effective counsel does not extend to forfeiture proceedings and, therefore, ineffective assistance cannot constitute good cause for the default. Indoor Cultivation, 55 F.3d at 1318. Valona also claims, rather incredibly, that he did not know about the agreement until 1990 when he obtained a transcript of an ex parte proceeding conducted during his criminal trial. Even if this is true, waiting seven years to request relief from the discovery of an allegedly improper forfeiture can hardly be characterized as taking quick action to correct the default. Finally, Valona has not established the existence of a meritorious defense; he has not produced a copy of the alleged agreement or any other evidence that the agreement actually exists.
 
 
 5
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)